**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Brit F. Augborne, | Case No. 2:24-cv-00769-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER and REPORT AND RECOMMENDATION** |
| METRO Officer Connor Malone, et al. | |
| Defendant. | |

This matter is before the court on Nevada state-prison inmate Brit Augborne's application to proceed *in forma pauperis* (ECF Nos. 15 and 16), filed on February 24, 2025. He also filed a previous application (ECF No. 1), which the Court will deny as moot in light of the more recent application. Augborne submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the court will grant his request to proceed *in forma pauperis*. The court now screens Augborne's amended complaint (ECF No. 10).

**I.    SCREENING**

Courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. P. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watson v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**A. Amended complaint**

Augborne's amended complaint indicates he intends to assert 42 U.S.C. § 1983 claims against several defendants. These include Department of Parole and Probation, Parole Officer MacDermaid, Department of Health and Safety, Parole Officer Serena, Parole Officer Vernon, the Southern Board of Prison, and counsel for the Board of Prison, Sonny Bonadventure.

The introductory paragraph of his amended complaint indicates he was paroled on April 15, 2024, and was re-arrested on July 25, 2024, without cause, warrant, or due process and based on a false report. He concludes by explaining that the Parole Board found him guilty of a technical violation and that he was improperly revoked for 90 days. In turn, he seeks monetary damages and (unspecified) injunctive relief.

In his first claim, he argues that the parole violation process failed to meet constitutional requirements because the Parole Board was permitted to consider (1) a technical violation without adhering to the protocols of the "graduated conduct" system, and (2) a non-technical violation

based on a "secondary form" that both acknowledged his rights and improperly informed him that the Board could consider these allegations.

His second claim alleges that Parole Officer MacDermaid prepared a false report regarding the technical and non-technical violations leading to his revocation.

His third claim is in regard to a December 2023 parole revocation hearing. But his allegations do not make clear how his constitutional rights were violated.

His fourth claim alleges that Parole Officer Serena had a duty, as a supervisor, to review the report prepared by Parole Officer MacDermaid. Her failure to do so allowed the parole revocation hearing to proceed on the false report of Parole Officer MacDermaid.

His fifth is similar: Parole Officer Vernon, as a supervisor, should have reviewed the report prepared by Parole Officer MacDermaid. His failure to do so allowed the parole revocation hearing to proceed on the false report of Parole Officer MacDermaid.

**B. Analysis**

Section 1983 creates a cause of action against a "person who, under color of any [state law], subjects, or causes to be subjected, any [person] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). A plaintiff bringing a claim under § 1983 must show that "(1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Id*. (citation omitted).

Under *Heck*, a § 1983 plaintiff seeking to bring a claim for damages which, if successful, would necessarily imply the invalidity of his conviction or sentence must first demonstrate that the conviction or sentence was reversed, expunged, or otherwise invalidated. *Muhammad v. Close*, 540 U.S. 749, 750-51 (2004) (claims which, if successful, would necessarily imply the invalidity of a conviction or sentence must be brought by way of a petition for writ of habeas corpus). The Ninth Circuit Court of Appeals has recognized that *Heck* applies to § 1983 claims that would invalidate a parole revocation. *Jenkins v. Craven-West*, 145 F.3d 1338 (9th Cir. 1998)

(unpublished), *see also Butterfield v. Bail*, 120 F.3d 1023, 1024-26 (9th Cir. 1997). In addition, "[c]ourts have repeatedly found that the *Heck* bar applies to claims that challenge the fact or duration of parole." *Breitbard v. California Dep't of Corr. & Rehab.*, 2022 WL 3048173 at *6 (C.D. Cal.) (collecting cases). Augborne does not allege that his parole revocation was invalidated; indeed he declares he is still (improperly) incarcerated as a result of the revocation hearing. Therefore, claims 1, 2, 4, and 5 are barred by *Heck*.[1] In turn, the court recommends that these claims be dismissed without prejudice but without leave to amend. Plaintiff may bring these claims in a new lawsuit should he be able to assert that his parole revocation has been invalidated.

As to claim 3, the Court already explained it had difficulty understanding the basis for the claim. As it currently stands, Plaintiff has failed to assert a claim for relief. Nevertheless, Plaintiff will be given an opportunity to amend this claim.

### C. Instructions for Amendment

If Plaintiff chooses to amend, the document must be titled "Second Amended Complaint." It must contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must contain a **short** and **plain** statement describing the underlying case and the defendant's involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give each defendant fair notice of his claims against it and of Plaintiff's entitlement to relief. Importantly, Plaintiff is cautioned to be very clear about what his claim is— he needs to cite the specific constitutional provision alleged to have been violated and the facts that support that alleged violation.

---

[1] The Court notes that Plaintiff also alleges the Parole Board, and his attorney Sonny Bonadventure, violated the constitution in several aspects. While he does not number these as "claims," any such claims would likewise be barred under *Heck*.

The *Heck* bar applies "no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Bell v. Allison*, No. 20-16880, 2022 WL 4077119 (9th Cir. Sept. 6, 2022) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).

Additionally, Plaintiff is advised that if he files a second amended complaint, the amended complaint (ECF No. 10) no longer serves any function in this case. As such, the second amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's second amended complaint complete.

### D. CONCLUSION

**IT IS THEREFORE ORDERED** that Augborne's application to proceed *in forma pauperis* (ECF No. 15) is **GRANTED**. Augborne will not be required to pay the filing fee in this action. He is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the High Desert State Prison shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Brit F. Augborne, # 1145763 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Warden Jeremy Bean, at P.O. Box 650, Indian Springs, NV 89070.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

**IT IS FURTHER ORDERED** that Augborne's first application to proceed *in forma pauperis* (ECF No. 1) is **DENIED** as moot.

**IT IS RECOMMENDED** that claims 1, 2, 4, and 5 be **DISMISSED**, without prejudice and without leave to amend.

**IT IS FURTHER ORDERED** that claim 3 is **DISMISSED** with leave to amend. If Plaintiff chooses to file a second amended complaint, he must do so by **June 13, 2025**. Failure to

file a second amended complaint in accordance with this order will result in a recommendation that this case be dismissed.

DATED: May 1, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE