UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIT F. AUGBORNE,<br><br>               Plaintiff,<br>vs.<br><br>METRO POLICE OFFICER CONNOR MALONE, *et al.*,<br><br>               Defendants. | Case No.: 2:24-cv-00769-GMN-BNW<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

       Pending before the Court is the Report and Recommendation ("R&R"), (ECF No. 19), of United States Magistrate Judge Brenda Weksler, which recommends dismissing Plaintiff's first, second, fourth, and fifth claims without leave to amend, and dismissing Plaintiff's third claim with leave to amend.

       A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. D. Nev. R. IB 3-2(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (citing 28 U.S.C. § 636(b)(1)). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's R&R where no objections have been filed. *See, e.g.*, *United States v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

Here, no objections were filed, and the deadline to do so has passed. (*See* R&R, ECF No. 19) (setting a May 15, 2025, deadline for objections). Accordingly, the Court adopts the R&R in full.

Also pending before the Court are the Motion for Temporary Restraining Order, (ECF No. 22), and Motion for Preliminary Injunction, (ECF No. 21). Because Plaintiff has not yet filed his second amended complaint as directed by Magistrate Judge Weksler in her Order at ECF No. 19, there is currently no case or controversy pending before the Court. The Court therefore cannot issue injunctive relief as Plaintiff is requesting. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). The Court therefore DENIES the pending Motion for Temporary Restraining Order and Motion for Preliminary Injunction without prejudice. Plaintiff must file a second amended complaint by June 13, 2025, before he can seek injunctive relief through motions for temporary restraining order or preliminary injunction.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 19), is **ACCEPTED and ADOPTED** in full.

**IT IS FURTHER ORDERED** that claims 1, 2, 4, and 5 are **DISMISSED** without prejudice and without leave to amend.

**IT IS FURTHER ORDERED** that claim 3 is **DISMISSED** with leave to amend. If Plaintiff chooses to file a second amended complaint, he must do so by **June 13, 2025.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order, ECF No. 22), is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction, (ECF No. 21), is **DENIED** without prejudice.

Dated this __28__ day of May, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court